UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESTLAKE MILLER, LLC,

    Plaintiff,

v.                                                                   Case No: 8:15-cv-1336-T-36TBM

JIM RASH, INC. and CORBIN FARMS,
INC.,

    Defendants.
_____/

## **ORDER**

       This cause comes before the Court upon the Plaintiff Westlake Miller, LLC's ("Westlake") Motion for Emergency Temporary Restraining Order (Doc. 2).  The Court, having considered the Motion and being fully advised in the premises, will DENY the Motion.

## **DISCUSSION**

       This dispute arises from the collapse of a business relationship between a supplier of agricultural commodities and the grower of those commodities.  Westlake alleges that it is a supplier of perishable agricultural commodities, and that in or around December 2014, it entered into an agreement with Defendant Corbin Farms, Inc. ("Corbin Farms) to grow certain watermelon seeds and plants.  Doc. 1 ("Compl.") ¶¶ 2, 4, 6.  Westlake also alleges that, in accordance with the agreement, it ordered an assortment of watermelon seeds and plants from Nunhems USA, Inc. ("Nunhems") and Clifton Seeds, Inc. *Id.* ¶ 5.  Westlake further alleges that Defendant Jim Rash, Inc. ("Jim Rash") subsequently interfered with the agreement by transferring the produce from Westlake's account to its own account via one of Nunhems' employees, who Jim Rash shortly thereafter hired.  *Id.* ¶¶ 11-17.  Westlake seeks to recover an estimated $135,000.00 in losses it

suffered as a result of the allegedly unlawful interference with, and termination of, its agreement with Corbin Farms.

Westlake now seeks a temporary restraining order barring Jim Rash and Corbin Farms from withdrawing, transferring, or otherwise utilizing any of their proceeds from sales of inventories, or otherwise disposing of their assets or funds, until they deposit $135,000.00 into the Court or a separate trust account to be opened by Westlake's attorneys. Westlake argues that it is entitled to an *ex parte* temporary restraining order because it has a substantial likelihood of prevailing on the merits of its claims; it will suffer irreparable harm if the action were delayed; Defendants will not suffer any harm if the requested temporary restraining order were issued; and the public will not suffer any harm. *See* M.D. Fla. R. 4.05(b)(4).

"The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Samson v. Murray*, 415 U.S. 61 (1974)). Pursuant to the Federal Rules of Civil Procedure, a temporary restraining order may be granted without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Similarly, the Local Rules of the Middle District of Florida provide that a motion for a temporary restraining order must demonstrate that the movant's anticipated injury "is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." M.D. Fla. R. 4.05(b)(2).

Westlake has not carried its burden for obtaining a temporary restraining order. *First*, Westlake has not presented sufficient evidence as to why it would suffer "immediate and

irreparable injury" if the Court were to deny its motion. Westlake asserts that the subject watermelons are almost completely harvested and will be sold in the next few days, *see* Affidavit of Greg Long (attached to the Motion) ¶¶ 13-15, and that "[t]he proceeds from the sale of the watermelon may be transferred to another business if action is not quickly taken, and [] by the time notice and hearing on the issue is set, the trust assets may be gone." Doc. 2 at 6. However, Westlake's generalized, vague, and speculative belief that the funds "may be transferred" and that the assets "may be gone" fails to support a finding of "immediate and irreparable injury." Westlake offers no other particularized or exceptional reasons why any alleged injury it would suffer is otherwise "immediate" or "irreparable." No showing has been made that the trust is being dissipated or threatened with dissipation.

*Second*, Westlake has failed to explain why notice and a hearing is "impractical if not impossible," M.D. Fla. R. 4.05(b)(2), and Westlake's attorney has failed to certify "in writing any efforts [it] made to give notice and the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B). Indeed, the only reason offered by Westlake as to why notice and a hearing should not be required, again, appears to be its vague and speculative belief that, "by the time notice and hearing on the issue is set, the trust assets may be gone." Doc. 2 at 6. This bare assertion is plainly insufficient to establish the impracticality or impossibility of notice and a hearing.

In sum, Westlake has failed to establish its right to the extraordinary relief it seeks. Accordingly, it is hereby **ORDERED**:

1. Plaintiff Westlake Miller, LLC's Motion for Emergency Temporary Restraining Order (Doc. 2) is **DENIED** in all respects.

**DONE AND ORDERED** in Tampa, Florida on June 9, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any